SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
  Christine A. Roberts, NV SBN 6472
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone: (702) 382-6440
Fax Number: (702) 384-9102

**Electronically Filed: April 12, 2013**

Attorneys for Yvette Weinstein,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
District of Nevada

| | |
|---|---|
| In re | ) CASE NO. BK-S-12-19836-BAM |
| | ) |
| MARY LOU BARNUM | ) Chapter 7 |
| | ) |
| Debtor. | ) **OBJECTION TO DEBTOR'S CLAIM OF** |
| | ) **EXEMPTION AND MOTION FOR** |
| | ) **TURNOVER** |
| | ) |
| | ) Date:   May 16, 2013 |
| | ) Time:   11:00 a.m. |
| | ) |
| | ) Ctrm: 3 |
| | )        Foley Federal Building |
| | )        300 Las Vegas Blvd. So. |
| | )        Las Vegas, NV 89101 |
| | ) Judge: Hon. Bruce A. Markell |

Yvette Weinstein ("Trustee"), by her attorney, Elizabeth E. Stephens, Esq. of Sullivan, Hill, Lewin, Rez & Engel, hereby objects to the Debtor's claim of exemption pursuant to 11 U.S.C. § 522, Fed. R. Bankr. P. 1019(2)(b) and 4003, and moves the Court for turnover of property of the Estate pursuant to 11 U.S.C. §542 ("Objection and Motion").

This Objection and Motion are based upon the attached memorandum of points and authorities, all the papers and files of record, and any oral argument this Court may wish to hear.

/ / /

/ / /

/ / /

351599-v1

POINTS AND AUTHORITIES

## I.

## BACKGROUND

Mary Lou Barnum ("Debtor") filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on August 24, 2012. The case was converted to a Chapter 7 proceeding on December 19, 2012. Yvette Weinstein was appointed Trustee and has served in that capacity ever since. (*See* the Declaration of Yvette Weinstein). Debtor was married, but her spouse, George Barnum ("Spouse"), did not file for bankruptcy protection with her.

On the schedules filed on August 24, 2012 [Dkt. #1], the Debtor listed two vehicles on Schedule B-25 (*See* the Declaration of Yvette Weinstein, Exhibit "1"): a 1999 Nissan Quest ("Nissan") valued at $3,500, and a 2004 Toyota Avalon ("Toyota") valued at $8,141. On Schedule C Debtor claimed as exempt the $3,500 of value in the 1999 Nissan under N.R.S. 21.090(1)(z) and also claimed exemption of the equity in the amount of $8,141 for the 2004 Toyota under N.R.S. 21.040(1)(f). (*See* Declaration of Yvette Weinstein, Exhibit 1 at 16).

On the amended schedules filed after conversion [Dkt. #44], the Debtor listed the same two vehicles on schedule B-25: the 1999 Nissan valued at $1,650 on schedule B, but valued at $3,500 on schedule C and the 2004 Toyota valued at $8,141. On schedule C the Debtor claimed the 1999 Nissan exempt in the amount of "0" pursuant to pursuant to N.R.S. 21.090(1)(z) and the $8,141 value in the 2004 Toyota exempt pursuant to N.R.S. 21.090(1)(f). (*See* the Declaration of Yvette Weinstein, Exhibit "2"):

At a continued 341(a) meeting on March 13, 2013, the Debtor's counsel explained that, despite the schedules, the Debtor was claiming the 1999 Nissan exempt pursuant to N.R.S. 21.090(1)(f). The Trustee believes that under Nevada law one of the vehicles is exempt and one of them is nonexempt and seeks turnover of the nonexempt vehicle or its equivalent value.

/ / /

/ / /

/ / /

/ / /

351599-v1

1

**II.**

2

**LEGAL ARGUMENT**

3  A.    **The Community Property of Debtor and His Non-filing Spouse Became Property of the Estate on the Date of Filing the Bankruptcy Petition.**

4

5          All the interests of a debtor and a debtor's spouse in community property become property of

6  the bankruptcy estate pursuant to section 541(a)(2) of the Bankruptcy Code (11 U.S.C. § 101, *et*

7  *seq.*).  The purpose of section 541(a)(2) is to bring into the estate all property, which would be

8  available for satisfaction of debt to creditors of the debtor.  Under state law, creditors of the non-

9  debtor spouse may also look to community property for satisfaction of their claims and consequently

10  they are allowed to participate in the distribution of bankruptcy estate assets as well.[1]  As a practical

11  matter, the only property that is not included in the bankruptcy estate is the separate property of the

12  non-debtor spouse.  5 Collier on Bankruptcy ¶ 541.11[2] (16th ed. 2011).  The result is not new; it

13  has been this way since the passage of the Bankruptcy Act of 1898.  *Teel v. Teel (In re Teel)*, 34 B.R.

14  762, 764 (9th Cir. BAP 1983).

15          When a married debtor files for bankruptcy protection, the property of the estate includes:

16

17          **(2)** All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

18          **(A)**  under the sole, equal, or joint management and control of the debtor; or

19

20          **(B)**  liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

21

22  11 U.S.C. § 541(a)(2).  The Ninth Circuit has concluded that all community property not yet divided

23  by a state court at the time of filing is property of the bankruptcy estate.  *Dumas v. Mantle (In re*

24  *Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998).

25          Of course "community property" is not defined in the Bankruptcy Code, but  is determined

26  by reference to state law.  *Butner v. United States,* 440 U.S. 48, 55 (1979).  In Nevada, all property

27

28  [1] 11 U.S.C. §101(7) defines "community claim." 11 U.S.C. § 101(10) defines creditor as, *inter alia*, an "entity that has a community claim." 11 U.S.C. §342(a) requires that the creditors of the non-debtor spouse must receive notice of the bankruptcy filing.

- 3 -

1    acquired after marriage is presumed to be community property and all debts incurred are presumed

2    to be community debts. *Kelly v. Kelly*, 86 Nev. 301, 309, 468 P.2d 359, 364 (1970); *see also* Nev.

3    Rev. Stat. 123.220 *et seq*.  The presumption can be rebutted by clear and convincing evidence.

4    *Waldman v. Maini*, 124 Nev. 1121, 1128, 195 P.3d 850, 855 (2008); *Norwest Fin. v. Lawver*, 109

5    Nev. 242, 245, 849 P.2d 324, 326 (1993).  Absent a divorce, the community property becomes

6    property of the bankruptcy estate.  *Keller v. Keller (In re Keller),* 185 B.R. 796, 799 (9th Cir. 1995

7    BAP).  When a debtor petitions for protection under the Bankruptcy Code before a final disposition

8    of property, "the community property comes within the jurisdiction of the bankruptcy court . . . ."

9    *Keller*, 185 B.R. at 800; *see also Birdsell v. Peterson (In re Petersen),* 437 B.R. 858, 866 (D. Ariz.

10    2010).

11        During marriage, the interests of a husband and wife in community property "are present,

12    existing and equal interests" under Nevada law.    Nev. Rev. Stat. 123.225.  While Nev. Rev. Stat.

13    123.230 provides that "either spouse, acting alone, may manage and control community property," it

14    includes a list of exceptions. N.R.S. 123.230 (1-6).  Applicable Nevada law, thus, in actuality gives

15    the spouses joint control of community property. *Soper v. Crystal Palace Gambling Hall, Inc. (In re*

16    *Crystal Palace Gambling Hall, Inc.*), 36, B.R. 947, 950 (9th Cir. BAP 1984).  Cf., In Re Perez, 302

17    B.R. 661, 663-64 (Bankr. D. Ariz. 2003).  (Under Arizona law [apparently] either spouse has the

18    unlimited ability to act for the benefit of the community.)

19        A non-debtor spouse in Nevada, and all community property states, benefits from the

20    discharge of the debtor.  Property acquired after the bankruptcy case is filed is protected from pre-

21    petition claims by the discharge injunction section 524(a)(3) of the Bankruptcy Code.  *Rooz v.*

22    *Kimmel (In re Kimmel)*, 378 B.R. 630, 635 (9th Cir. BAP 2007); *Burman v. Homan (In re Homan)*,

23    112 B.R. 356, 360 (9th Cir. BAP 1989); *see also*, *Lawver*, 109 Nev. at 244-45, 849 P.2d at 325.

24

25    **B.    There is No Basis Under Nevada State Law For a Claim of Exemption By a Non-Debtor
       Spouse**

26

27        **1.    The Spouse is Not a Judgment Debtor and Lacked Standing to Claim an
            Exemption Under Nevada Law.**

28    The Nevada exemption statute provides as relevant to this case:

- 4 -

351599-v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21.090. Property exempt from execution

1. The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:

. . .

(f) Except as otherwise provided in paragraph (p), one vehicle if the judgment debtor's equity does not exceed $15,000 or the creditor is paid an amount equal to any excess above that equity.

Nev. Rev. Stat. 21.090 (2011). The relevant paragraph of Nev. Rev. Stat. 21.090 (2011) refer to exempt property of the "judgment debtor".

When interpreting a statute, Nevada courts look first to the plain language of the statute and ascribe to words their plain meaning. *Savage v. Pierson*, 123 Nev. 86, 89, 157 P.3d 697, 699 (2007). Further, an undefined statutory phrase is construed according to its plain and ordinary meaning. *In re Resort at Summerlin Litig.*, 122 Nev. 177, 182, 127 P.3d 1076, 1079 (2006). The court need not look beyond the plain meaning of the statute, unless the language is ambiguous. *Id.*

The plain meaning of "judgment debtor" is "[a] person against whom a money judgment has been entered but not yet satisfied." Black's Law Dictionary 9th ed. 2009); *Accord, Nat'l Mines Co. v. Sixth Judicial Dist. Court for the County of Humboldt*, 34 Nev. 67, 116 P. 996, 1001 (1911) ("A judgment debtor must, before he can become such, be a party to an action"). There was no disclosed judgment against the nonfiling spouse.

Moreover, inherent in the nature of a bankruptcy exemption is the requirement that property must be exempt from <u>execution</u>. "The rights of a bankrupt to property as exempt are those given him by the state statutes, and if such exempt property is not subject to levy and sale under these statutes, then it cannot be made to respond under the act of Congress." *Smalley v. Laugenour*, 196 U.S. 93, 97 (1905). Further, a state exemption statute that restricts only the trustee in bankruptcy from recovering assets is not the type of exemption Congress recognizes in bankruptcy; it would be unconstitutional. *Kanter v. Moneymaker (In re Kanter)*, 505 F. 2d 228, 230 (9th Cir. 1974). Because it is well established that Nev. Rev. Stat. 21.090 (2011) *et. seq.* established a valid

351599-v1

1  bankruptcy exemption scheme, it must apply under state law to all judgment debtors.  Therefore, in

2  order to claim the state law exemption one must be a judgment debtor or a debtor in bankruptcy.

3      **2.    The Debtor Could Not Claim the Automobile and "Wild Card" Exemption on Behalf of His Spouse Under Nevada State Law.**

4

5        It is noteworthy that certain exemptions allow "the judgment debtor" to exempt property

6  belonging to a "dependent." *See*, *e.g.*, Nev. Rev. Stat. 21.090(1)(a) (2011) (works of arts, private

7  libraries, and jewelry); Nev. Rev. Stat. 21.090(1)(b) (2011) (household goods); Nev. Rev. Stat.

8  21.090(1)(p) (2011) (handicapped equipped vehicles); Nev. Rev. Stat. 21.090(1)(u) (2011) (personal

9  injury); Nev. Rev. Stat. 21.090(1)(w) (2011) (loss of future earnings).  These exemptions are

10  personal to the debtor, but allow the debtor to protect property of dependents or one upon whom the

11  debtor is dependent.  However, neither the vehicle exemption nor the "wild card" exemption applies

12  to a dependent's property.

13        Pursuant to Nev. Rev. Stat. 21.090 (1)(f) (2011), a debtor may exempt "one vehicle if the

14  judgment debtor's equity does not exceed $15,000 or the creditor is paid an amount equal to any

15  excess above that equity."  Under the statute a debtor is limited to exemption of one vehicle.  "The

16  only limiting language (other than the maximum amount of the exemption) is that the debtor is

17  precluded from exempting equity in more than one car." *In re Longmore*, 273 B.R. 633, 635 (Bankr.

18  D. Nev. 2001).  The Debtor claimed exemptions in two vehicles, contrary to the plain meaning of the

19  statute.

20  **C.    The Non-Debtor Spouse Had No Standing to Claim Exemptions Under Federal Bankruptcy Law**

21

22        The spouse was not a bankruptcy debtor.  Only debtors may claim exemptions under federal

23  bankruptcy law.  Therefore, the Debtor's spouse had no standing to claim exemptions in the

24  Debtor's bankruptcy case.

25        Nevada has opted out of the federal exemption scheme, 11 U.S.C. § 522(d), only the

26  exemptions allowed under Nevada law. *In re Richards,* 57 B.R. 662, 664 (Bankr. D. Nev. 1986).  In

27  the absence of controlling federal law, property and interests in property are creatures of state law.

28  *Butner v. United States,* 440 U.S. 48, 54-55 (1979).  However, the application of state law may only

351599-v1

occur when the state law is not inconsistent with federal law. *Butner,* 55. When state law conflicts with, or hinders the policies of federal law, the bankruptcy court may not apply it. *Torres v. Eastlick (In re N. Am. Coin & Currency, Ltd.),* 767 F.2d 1573, 1575 (9th Cir. 1985).

State law which directly conflicts with federal law governing the same issue is preempted by the federal law. U.S. Const. art. VI, cl. 2. Thus, even when a state has opted out of the exemption scheme allowed under 11 U.S.C. § 522(d), the remaining subsections of section 522 continue in effect and apply to the debtor and his case. 11 U.S.C. § 522(a)-(q); *In re Soby,* 37 B.R. 522, 524 (Bankr. D. Minn. 1984). To the extent state law conflicts with the Bankruptcy Code, state law must yield. *In re Stevens,* 374 B.R. 31, 34 (Bankr. D.N.H. 2007); *Keeler v. PRA Receivables Mgmt, LLC (In re Keeler),* 440 B.R. 354, 367 (Bankr. E.D. Pa. 2009). To the extent there is any conflict between state law and the Bankruptcy Code regarding community property, the Bankruptcy Code will control. *Teel v. Teel (In re Teel),* 34 B.R. 762, 764 (9th Cir. BAP1983).

Spouses can file a joint bankruptcy case. 11 U.S.C. § 302. Spouses who file jointly pursuant to section 302 may each claim exemptions in the bankruptcy case. 11 U.S.C. § 522(b). Also, if a debtor filing alone does not claim exempt property of the estate, a dependent, including a non-filing spouse, may file a list of exemptions. 11 U.S.C. § 522(l).

However, the Ninth Circuit Bankruptcy Appellate Panel has held that if the debtor claims exemptions in property, the non-filing spouse may not do so. The non-debtor spouse has no right to claim an exemption in the debtor's case under those circumstances. *Burman v. Homan (In re Homan),* 112 B.R. 356, 359-60 (9th Cir. BAP 1989). *See also, In re DeHaan,* 275 B.R. 375, 380-81 (Bankr. D. Idaho 2002); *In re Pixler,* No. 01-03131, 2002 WL 33939734, slip op. at 3 (Bankr. D. Idaho April 5, 2002). *Accord, In re Victor,* 341 B.R. 775, 781 (Bankr. D.N.M. 2006); *In re Rodriguez,* 353 B.R. 144,149 (Bankr. N.D. Tex. 2006).

There is nothing in the Bankruptcy Code, or case law, which hints that a debtor might be able to assert two sets of exemptions in an individual filing. *In re Wald,* No. 11-53644, 2012 WL 2049429 (Bankr. W.D. Tex June 6, 2012) (*citing* 1-4 Collier Family law and the Bankruptcy Code ¶ 4.04 (2010)). The *Homan* case was all about the capacity of a non-filing spouse to exempt community property. *Burman v. Homan (In re Homan),* 112 B.R. 356, 359-61 (9th Cir. BAP 1989).

1    The filing by a spouse as an individual creates an estate encompassing all community property. The

2    right to claim exemptions rests solely in the filing spouse. 11 U.S.C. § 522(b); *Homan*, 359.

3         In *Homan*, the entry of property into his bankruptcy estate gave the debtor the exclusive right

4    to claim exemptions. *Id.* at 359. The court noted that the only exception to the rule was provided in

5    section 522(l) of the Bankruptcy Code which permitted a non-debtor spouse to declare exemptions

6    as a dependent of the debtor. *Homan*, 359. But there was nothing to suggest that once a list was

7    filed it could be supplemented. *Id.* In *Homan*, the non-filing spouse was attempting to protect

8    additional nonexempt property, as is the non-filing spouse in this case.

9         In the *DeHaan* case, the debtor contended, as does the Debtor in this case, that he was

10   entitled to assert exemptions in vehicles and household goods on behalf of his non-filing spouse. 275

11   B.R. at 377. The court rejected his contention. Beginning with the *Homan* analysis, the *DeHaan*

12   court found that sections 541 and 522 of the Bankruptcy Code were sufficiently clear. The non-

13   debtor spouse was simply a dependent of the debtor within those provisions. *DeHaan*, 381; *Homan*,

14   360. Nothing in the Bankruptcy Code allowed non-debtors to assert their personal exemptions, nor

15   could the debtor assert an exemption belonging to non-debtor dependents. *DeHaan*, 381. *Accord*, *In*

16   *re Victor,* 341 B.R. 775, 781 (Bankr. D.N.M. 2006). *Kapila v. Morgan (In re Morgan)*, 286 B.R.

17   678, 683 (Bankr. E.D. Wis. 2002); *In re Page*, 171 B.R. 349, 352 (Bankr. W.D. Wis. 1994), *contra*

18   *In re Perez* 302 B.R. 661, 663 (Bankr. D. Ariz. 2003).

19        In *In re Pixler* No. 01-03131, 2002 WL 33939734, slip op. (Bankr. D. Idaho April 5, 2002),

20   the debtor filed her separate bankruptcy on the same day, but a few minutes later, than her estranged

21   husband. She attempted to exempt her automobile in her bankruptcy case. The court pointed out

22   that the two spouses could have filed jointly under section 302 (a) of the Bankruptcy Code and each

23   would have been allowed separate claims of exemption pursuant to section 522(m) and (b)(2)(A) of

24   the Bankruptcy Code. *Pixler*, 2.

25        However, the court continued, the Bankruptcy Code vested all of the undivided community

26   property in the estate of the first debtor spouse to file. *Id.* at 3. The debtor could not claim the

27   exemption in her spouse's earlier filed bankruptcy. *Id.* Further, she could not claim the exemption

28   in her own bankruptcy because all her rights and title in the vehicle passed into her spouse's

- 8 -

351599-v1

1   bankruptcy estate. *Id.* Therefore, the debtor was unable to exempt her vehicle. Clearly, there was a

2   failure of pre bankruptcy planning in the *Pixler* case.

3        In *Homan* the court noted that the congressional intent behind section 522(b) of the

4   Bankruptcy Code was to encourage spouses to file jointly. *Homan*, 112 B.R. at 360. Moreover,

5   what appeared to be a harsh result was offset by other code provisions. *Id.* For example, the non-

6   debtor spouse has the right of first refusal to purchase property at the proposed sale price pursuant to

7   section 363(i). *Homan*, 360.

8        More importantly, the non-debtor spouse receives the benefits of the debtor's discharge

9   because after acquired property is protected by the community property permanent injunction,

10  section 524(a)(3) of the Bankruptcy Code. *Id.*; *Accord Pixler*, 2002 WL 33939734 at 3; *Vizcaya*

11  *Argentaria v. Wiscovitch-Rentas*, No. 08-2323 (GAG), 2009 WL 1309687, slip op. (D.P.R. May 8,

12  2009); *In re Rodriguez*, 353 B.R. 144, 149 (Bankr. N.D. Tex. 2006); *Norwest Fin. v. Lawver*, 109

13  Nev. 242, 244, 849 P. 2d 324, 325 (1993).

14       In *Rooz v. Kimmel (In re Kimmel)*, 378 B.R. 630 (9th Cir. BAP 2007), the BAP confirmed

15  the dicta in *Homan* that section 524(a)(3) "can operate to provide non-debtor spouses with a de facto

16  partial discharge of their separate debts by enjoining a creditor from attaching community property

17  in which the non-debtor spouse has an interest . . . ." *Rooz*, 636. As a corollary to section 541(a)(2)

18  of the Bankruptcy Code, a creditor is defined, among other things, as an "entity that has a

19  community claim." 11 U.S.C. §101(10)(c). Pursuant to section 101(7) of the Bankruptcy Code, a

20  "community claim" is one "that arose before the commencement of the case concerning the debtor

21  for which the property of the kind specified in section 541(a)(2) of this title is liable, whether or not

22  there is any such property at the time of the commencement of the case." Moreover, the non-debtor

23  spouse is required to provide contact information for notice to the non-filing spouse's creditors about

24  the debtor's bankruptcy and potential distribution. 11 U.S.C. § 342(a).

25       In other words, community assets pay community debts. As a consequence, upon discharge

26  of the debtor, the community claims are diminished, which inures to the benefit of the non-filing

27  spouse. Claims against after acquired community property are also enjoined. 11 U.S.C. § 524(a)(3);

28

- 9 -

1    *Kimmel*, 378 B.R. at 635-37.   Thus, a non-debtor spouse in a community property state usually

2    benefits from the discharge of the debtor spouse.

3         Another aspect of the section 524(a)(3) benefit to a non-filing spouse was explored in *In re*

4    *Field*, 440 B.R. 191 (Bankr. D. Nev. 2009).  In *Field*, the debtor filed a chapter 13 case.  Her non-

5    filing spouse had premarital tax debt.  The IRS filed a claim in the debtor's bankruptcy for the non-

6    filing spouse's debt.

7         The debtor objected to the IRS claim.  The court overruled the debtor's objection.  *Id.* at 197.

8    The court's analysis began with noting the joint control over community property accorded to

9    spouses under Nevada law under N.R.S. 123.225 and 123.230 (2011).  *Field*, 195.  Further, all

10   community property became property of the estate upon filing.  The court said Nevada law treated

11   debts and other obligations the same way it treated community property.  *Id.*

12        Premarital debts did not transmute to community debts.  *Id.*  However, while the debtor's

13   interest in the community property was not subject to the premarital tax claim, her spouse's interest

14   in the community property was subject to the tax claim.  *Id.*  As a result, even though the debtor was

15   not individually liable for the tax claim, her husband's share of the community property, which

16   became property of the bankruptcy estate was liable.  *Id.* at 196.  The IRS claim was, thus, allowed.

17   *Id.*

18        The good news for the debtor's non-filing spouse was that if the debtor completed her plan

19   payments and received a discharge, the IRS claim would be impaired.  *Id.*  The effect of the

20   permanent injunction was that all the after acquired community property was protected from the IRS

21   claim by the discharge injunction.  The payments received under the debtor's plan would be the only

22   payments the IRS would ever receive. *Id.* at 197.

23        Some of the best articulations of the interrelation between federal bankruptcy law,

24   community property law, and bankruptcy exemptions have issued from the bankruptcy courts in

25   Wisconsin.  *See, generally,* Margaret Dee McGarity, *Community Property in Bankruptcy: Laws on*

26

27

28

351599-v1

1  *Unintended Consequences*, 72 La. L. Rev. 143 (2011). Wisconsin is one of the ten community

2  property states.[2]

3      In the Wisconsin cases, the trustees attempted to argue that the debtors could not exempt the

4  non-debtor spouse's interest in community property, which entered the estate. In *In re Griffith*, 449

5  B.R. 909 (Bankr. W.D. Wis. 2011) for example, the debtor claimed the entire equity in her home, the

6  equity in a Dodge Stratus and the equity in a Silverado as exempt, variously under the homestead

7  exemption, the vehicle exemption and the wildcard exemption. There was no question that the

8  amounts were well within the allowed exemption values. Under Wisconsin law, both the debtor and

9  her husband owned an undivided one half interest in the marital property. The trustee contended that

10 although the entire property came into the estate, the debtor could only assert an exemption on the

11 debtor's 50 percent interest. *Id.* at 910.

12     The court rejected the trustee's contention and concluded that "because each spouse has an

13 undivided interest in the whole and the asset in question cannot be divided, it is 'reasonable' to allow

14 one debtor to claim an exemption in the whole." *Id.* at 911. Further, the court quoted a section from

15 *In re Passmore*, 156 B.R. 595 (Bankr. E.D. Wis. 1993) explaining that:

16         A spouse owns an undivided one-half interest in all assets and funds
        classified as marital property. The debtor does not own one-half of the

17         postpetition garnished funds; he owns an undivided interest in *all* such
        funds. His interest cannot be partitioned by a creditor nor unilaterally

18         severed by a spouse . . . . Community property interest in a single asset
        or category of funds simply cannot be severed or treated separately in

19         the bankruptcy context.

20 *Griffith*, 911 (*quoting Passmore*, 599); *Accord, In re Vanderhei*, 449 B.R. 359, 360-62 (Bankr. W.D.

21 Wis. 2011); *In re Xiong,* No. 05-43121-SVK, 2006 WL 1277129, slip op. at 3 (Bankr. E.D. Wis.

22 May 3, 2006). All of the community property, therefore, was subject to the debtor's claim of

23 exemption, but only to the <u>debtor's</u> claim of exemption.

24     While state law may determine the <u>substance</u> of a state law exemption in an opt out state, the

25 <u>application</u> of the exemption in a bankruptcy case is determined by federal law. The concept that

26 only an individual debtor may exempt property of the estate is so well established that it generally

27 _____

28 [2] The other community property states, besides Nevada, are Alaska, Arizona, California, Idaho,
Louisiana, New Mexico, Texas and Washington.

351599-v1

1  evades analysis.  11 U.S.C. §522(b); *Rodriguez*, 353 B.R. at 149; *McGarity*, 72 La. L. Rev. at 157

2  ("If the debtor has a non-filing spouse, the spouse who is not a bankruptcy debtor cannot claim an

3  asset exempt.")  In a Ninth Circuit BAP case, the court had occasion to address the issue from the

4  flipside:

6  > While only Steward [Husband] would have been able to claim
   > exemptions in the Property had he been the only debtor, upon Morris'
7  > [Wife] filing of her chapter 7 petition and the bankruptcy court's
   > administrative consolidation of the bankruptcy cases, Morris and
   > Steward jointly had a right to claim an exemption in the property.
8  > Therefore, Morris does have an interest in the Property and has the
   > right to claim an exemption in the Property.

9  *Flinn v. Morris (In re Steward)*, 227 B.R. 895, 899 (9th Cir. BAP 1998).  Only when both spouses

10 file for bankruptcy protection jointly may they each claim exemptions in community property, which

11 is property of the estate.

## III.

## CONCLUSION

15      While all community property enters the bankruptcy estate pursuant to Section 541(a)(2),

16 only a debtor may claim exemptions pursuant to the Bankruptcy Code.  Under Nevada law, only a

17 "judgment debtor" may claim exemptions from execution by a judgment creditor pursuant to N.R.S.

18 21.090 *et. seq.*  Furthermore, under Nevada law, a judgment debtor may claim certain exemptions on

19 behalf of dependents up to a limited dollar amount.  However, the Nevada judgment debtor may not

20 claim property of dependents exempt under the automobile or exemption.  Further, a bankruptcy

21 debtor may only claim one set of exemptions.  The non-debtor spouse in this case was neither a

22 judgment debtor, nor a bankruptcy debtor.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

- 12 -

351599-v1

1    WHEREFORE, Trustee, Yvette Weinstein, respectfully asks this Court to sustain her

2  objection to claim of exemption and for turnover of the vehicle or its value to the Trustee and for

3  such other relief as this Court deems necessary.

4  Dated:       April 12, 2013                    SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                                   A Professional Law Corporation
5

6                                                  By:        /s/ Elizabeth E. Stephens
7                                                        Elizabeth E. Stephens, Esq.
                                                        Attorneys for Yvette Weinstein,
8                                                        Chapter 7 Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

351599-v1